UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAMMERMANN & GAINER, INC. | CIVIL ACTION NO. 09-cv-1786 |
| VERSUS | JUDGE HICKS |
| STRATACARE, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendant Stratacare, Inc. ("Stratacare") removed this case based on an assertion of diversity jurisdiction, so it has the burden of pleading with specificity the citizenship of the parties. The corporate parties are citizens of the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff Hammerman & Gainer, Inc ("Hammerman") describes itself in its state court petition as being incorporated under Texas law and "authorized to do business in the State of Louisiana, with its principal place of business in Louisiana located at [LaPlace, LA]." Stratacare states in its Notice of Removal that Hammerman has alleged itself to be organized under Texas law and "domiciled in St. John the Baptist Parish, Louisiana."

The court issued an order (Doc. 14) and noted that the record did not contain an unambiguous assertion of the state in which Hammerman has its principal place of business for diversity purposes. It is not relevant for diversity jurisdiction where Hammerman's principal place of business "in Louisiana" might be unless that is also the corporation's one and only principal place of business in the world. It was not clear whether Hammerman was

limiting its allegations to Louisiana to satisfy state court pleading rules or actually meant that LaPlace is its one and only principal place of business.

Defendant Stratacare, the party who removed the case and who bears the burden of establishing diversity jurisdiction, was directed to file an Amended Notice of Removal in an effort to meet its burden. Hammerman was directed to cooperate in providing Stratacare information regarding its principal place of business so that the issue of subject-matter jurisdiction could be resolved before the scheduling conference.

Stratacare filed an Amended Notice of Removal (Doc. 15). The primary purpose of the filing was to allege the principal place of business of Hammerman, but Stratacare alleged only that Department of Insurance records indicate that Hammerman is "domiciled" in Lutcher, Louisiana. Such imprecise allegations were the reason the court directed the filing of an amendment. Fortunately, more time need not be spent on the issue because it appears from the records attached to the amended notice that it is most likely that Hammerman's "nerve center" is in Louisiana. Accordingly, it appears that Louisiana is the location of its principal place of business. See Hertz Corp. v. Friend, ___ S.Ct. ___, 2010 WL 605601 (2010). The court finds that adequate to move forward with the case, but a simple and clear allegation by Stratacare could have saved much time in reaching that conclusion.

Stratacare's Amended Notice of Removal also gives rise to a question about the state in which Hammerman is incorporated for diversity purposes. Hammerman's state court petition and the notice of removal, filed October 14, 2009, allege that Hammerman was

incorporated in Texas. Records from the Texas and Louisiana Secretaries of State reflect that Hammerman converted to a Louisiana corporation effective January 10, 2009, before this civil action was filed or removed later in 2009. All indications are that Hammerman remains a Louisiana corporation. Thus, it appears that Hammerman is incorporated in Louisiana and has its principal place of business in Louisiana for diversity purposes.

Stratacare has also attached documents that regard its own citizenship. Stratacare, Inc. described itself in its October 2009 notice of removal as being incorporated in Delaware and with a principal place of business in California. It now submits documents that reflect it converted to Stratacare, LLC effective December 30, 2009. The rules for determining the citizenship of an LLC are quite different from those used to determine citizenship of a corporation. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). However, the court need not order additional amendments with respect to the citizenship of the LLC because the *post*-removal change in the form of the business entity does not impact subject-matter jurisdiction. Grupo Dataflux v. Atlas Global Group, LP, 124 S.Ct. 1920 (2004). For diversity purposes, Stratacare is a citizen of Delaware and California. Accordingly, the court finds that there is an adequate factual basis for the exercise of diversity jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of March, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE