UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAMMERMAN & GAINER, INC. | CIVIL ACTION NO. 09-1786 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| STRATACARE, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Stay [Record Document 37] filed on behalf of the Plaintiff, Hammerman & Gainer, Inc. ("HGI"). HGI moves the Court to stay this matter for the purpose of allowing common issues of fact and law to be decided in a related state court proceeding. See id. Defendant Stratacare Inc. ("Stratacare") opposes this motion. See Record Document 42. For the reasons stated herein, HGI's motion to stay is **DENIED.**

## FACTUAL BACKGROUND

HGI, a third-party administrator of workers' compensation claims, entered into a contractual relationship with Stratacare whereby Stratacare agreed to review medical bills from workers' compensation claims and to recommend the proper reimbursement amount in accordance with Louisiana law and the Fee Schedule promulgated by the State of Louisiana, through the Department of Labor, Office of Workers' Compensation Administration, under the authority of Louisiana Revised Statute 23:1034.2 ("the Fee Schedule"). See Record Document 1-4, ¶¶ VI-VII. A number of claims have been brought in Louisiana state court alleging the medical bills reviewed by Stratacare and paid by HGI were not paid in accordance with Louisiana law and the Fee Schedule. Id.

at ¶ IX.  On September 9, 2009, HGI filed a petition for declaratory judgment against Stratacare in the 16th Judicial District Court for the Parish of Sabine, State of Louisiana, seeking defense and indemnity for such claims as well as damages arising from Stratacare's alleged negligence, intentional misconduct, gross fault, and breach of contract.  Id. at ¶¶ X-XIV.  On October 14, 2009, Stratacare timely removed HGI's suit to this Court based on diversity jurisdiction.  See Record Document 1.

On September 30, 2009, Dr. George Raymond Williams filed a putative class action in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, against Mor-Tem Risk Management Services, Inc. ("Mor-Tem"), HGI, and Integra Management Group, Inc. ("Integra").  See Record Document 42, Exhibit 4.  In that suit, Dr. Williams seeks damages arising from the named defendants' alleged violations of the Louisiana Preferred Provider Organization ("PPO") Act, Louisiana Revised Statute 40:2203.1(B) *et seq*.  In response, HGI amended its complaint in this court on February 3, 2010 to seek defense and indemnity as well as damages as a result of the *Williams* suit.  See Record Document 13.  On May 5, 2010, HGI also filed a third-party demand in the *Williams* proceeding against Stratacare, Intermed Cost Containment Services, Inc. ("ICCS"),[1] and Houston Casualty Company seeking defense and indemnity as well as damages under their respective contracts.  Mor-tem joined HGI as a third party plaintiff in the *Williams* proceeding.  See Record Document 37, Exhibit B.

On June 17, 2010, Stratacare filed a counterclaim against HGI in this Court alleging it had been improperly sued and forced to defend itself against claims for which

---

[1] HGI also filed a separate declaratory judgment action against ICCS in the Western District of Louisiana, Alexandria Division, Civil Action No. 09-1852.

it was not liable.  See Record Document 23.  According to Stratacare, HGI improperly assigned its rights under the contract to Mor-Tem without Stratacare's consent, therefore breaching the contract and exposing Stratacare to potential liability.  Id. Stratacare seeks damages, including penalties and attorneys' fees under the LWCA and Louisiana PPO Act, incurred as a result of HGI's negligence, intentional misconduct, gross fault, and breach of contract.[2]  Id.

Averring that all claims and all parties are now before the state court in the *Williams* proceeding, HGI requests the Court exercise its discretion to stay the declaratory judgment action during the pendency of the state court proceeding in accordance with the principles enunciated by the Supreme Court in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 493, 62 S.Ct. 1173, 1175, 86 L.Ed.2d 1620 (1942) and utilized by the Fifth Circuit St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).  [Record Document 37].  Stratacare opposes this motion on the ground that there is no state court action in which any of the issues relating to the alleged violations of Title 23 of the Louisiana Workers' Compensation Act ("LWCA") can be adjudicated and, therefore, that abstention would result in piecemeal litigation rather than further judicial economy.  See Record Document 42.

## LAW AND ANALYSIS

The Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201(a), provides that a federal court, "[i]n a case of actual controversy within its jurisdiction, . . . may declare

---

[2]Stratacare has also filed motions for leave to filed third-party complaints against Mor-Tem, Integra, and Community Care Network, Inc. ("CCN").  See Record Documents 27-29.

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id., 515 U.S. at 288, 115 S.Ct. at 2143. In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.2d 1620 (1942), the Supreme Court explained that ordinarily "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties" and "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id.,316 U.S. at 495, 62 S.Ct. at 1175-76. Abstention in a declaratory judgment action is therefore appropriate when the state offers an adequate alternative forum in which the particular dispute may be resolved. Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 950 (5th Cir. 1994).

In contrast, when an action includes both declaratory and coercive claims for relief, the federal court's discretion to stay is "narrowly circumscribed." See New England Ins. Co. v. Barnett, 561 F.3d 392, 396 (5th Cir. 2009); American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 250-51 (5th Cir. 2005); Southwind Aviation, 23 F.3d at 951. Because federal courts have a "virtually unflagging

obligation" to exercise the jurisdiction conferred upon them,[3] a federal court may abstain from the exercise of jurisdiction only in "'exceptional circumstances,' 'where denying a federal forum would clearly serve an important countervailing interest,'" such as "considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise-judicial administration.'" Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 1720-21, 135 L.Ed.21 1 (1996) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-817, 96 S.Ct. 1236, 1244-46, 47 L.Ed.2d 483 (1976)).

As a general rule, the Colorado River abstention doctrine applies only where there are "parallel proceedings" pending in federal and state court. Brown v. Pacific Life Ins. Co., 462 F.3d 384, 395 n.7 (5th Cir. 2006) (citing RepublicBank Dallas, Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987)). Suits are "parallel" if they involve "the same parties and the same issues." RepublicBank, 828 F.2d at 1121 (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)). The Court recognizes that the parties in this litigation are not identical to the parties in the state court *Williams* litigation and that these suits are not truly "parallel."[4] Moreover, the third party demand

---

[3] See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.21 1 (1996) ("federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress"); Cohens v. Virginia, 6 Wheat 264, 404, 5 L.Ed. 257 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not").

[4] In its Supplemental Memorandum [Record Document 55], HGI acknowledges the federal and state court proceedings are not "parallel" and emphasizes that it seeks only a stay in the federal action "pending the resolution of the issues common to both suits." Id. at p.3 (italics in original).

in the *Williams* litigation by HGI for damages, indemnity, and defense is limited at this time to any relief granted against HGI and its co-defendants on the main demand. Although these two factors alone may be sufficient to defeat HGI's motion to stay, the current Supreme Court and Fifth Circuit jurisprudence addressing the Colorado River abstention doctrine mandates the same result. See infra.

In Colorado River, the Supreme Court set forth six factors that should be considered by a federal court in determining whether "exceptional circumstances" exist:

> (1) assumption by either state or federal court over a res;
>
> (2) relative inconvenience of the fora;
>
> (3) avoidance of piecemeal litigation;
>
> (4) order in which jurisdiction was obtained by the concurrent fora;
>
> (5) extent federal law provides the rules of decision on the merits; and
>
> (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Brown, 462 F.3d at 395 (citing Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)); see also, Wilton v. Seven Falls Co., 515 U.S. 277, 285-86, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). No one factor is necessarily determinative; rather, these factors should be carefully balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cones Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983).

In the present matter, HGI and Stratacare each assert claims for declaratory *and* coercive relief. See Record Document 1-4 (HGI's petition seeks damages, statutory

penalties, attorneys' fees, and costs for Stratacare's alleged breach of contract, negligence, intentional misconduct, and/or gross fault); Record Document 23 (Stratacare's counterclaim seeks damages, statutory penalties, attorneys' fees, and costs for HGI's breach of contract, negligence, intentional misconduct, and/or gross fault). Accordingly, the Court must consider the Colorado River factors and may abstain from exercising jurisdiction in this matter only if "extraordinary circumstances" exist. See Transocean Offshore USA, Inc. v. Catrette, 239 Fed.Appx. 9, *5 (5th Cir. 2007) (unpublished) (per curiam) (holding Colorado River doctrine should be applied where plaintiff sought declaratory relief and monetary damages for breach of contract); Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 539 (5th Cir. 2002) (holding that inclusion of a request for monetary relief removes a suit from the realm of a declaratory action); Southwind Aviation, 23 F.3d at 951 (finding district court erred in applying the Brillhart standard where plaintiff also sought coercive remedies for breach of contract in the form of damages, attorney's fees, and injunctive relief).

Turning now to the facts in this case, the Court will consider each factor and determine whether it weighs in favor of or against abstention.

### 1. Assumption by Either State or Federal Court over a Res

Where a case "does not involve any res or property over which any court, state or federal, has taken control," this factor weighs against abstention. Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000) (quoting Murphy v. Uncle Ben's Inc., 168 F.3d 734 (5th Cir. 1999)). HGI concedes, as it must, that neither the state nor the federal court has assumed jurisdiction over any res in this case and,

therefore, that the first factor weighs against abstention and in favor of exercising federal jurisdiction.

### 2. Relative Inconvenience of the Fora

The second factor involves the physical proximity of the federal forum to the location of evidence or witnesses, or the availability of compulsory process. Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988). Ultimately, the question is not whether the federal forum is a "better" or "more convenient" forum, but "whether the inconvenience of the federal forum is so great that this factor points toward abstention." Id., 844 F.2d at 1192. When, as in this case, both the state and federal fora are in the same geographical region, this factor is neutral and weighs neither in favor of nor against abstention.

### 3. Avoidance of Piecemeal Litigation

Colorado River abstention was designed to prevent "*piecemeal* litigation, and the concomitant danger of inconsistent rulings." Stewart, 438 F.3d at 492. In this matter, HGI initially filed a complaint for declaratory relief in this Court and then subsequently filed a third party demand in the state court *Williams* proceeding requesting similar relief. Any "piecemeal" litigation that may occur is the result of HGI's own zealous efforts to obtain relief. Moreover, because multiple lawsuits have been filed in a number of state courts by companies who have contracted with HGI in connection with the medical bills allegedly reviewed by Stratacare, abstention will not necessarily cure the potential for piecemeal litigation in this matter.[5] See Record Documents 1-4, 23. In addition, the Fifth Circuit has

---

[5]The Court also notes that, at this time, Stratacare's claims for damages against HGI in connection with certain suits brought in the Office of Workers' Compensation

recognized that, even where the potential for piecemeal litigation exists, a plea of *res judicata* after the entry of final judgment by one court will eliminate the danger of inconsistent rulings. See Stewart, 438 F.3d at 492. Consequently, this third factor weighs against abstention and in favor of the exercise of federal jurisdiction.

4. **Order in which Jurisdiction was Obtained by the Concurrent Fora**

As noted in the beginning of this opinion, the lawsuit pending in this Court by HGI was filed about three weeks before the state court *Williams* suit and, more importantly, almost nine months before HGI's third party demand in the *Williams* suit. However, this fourth factor is not to be "measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses, 460 U.S. at 21, 103 S.Ct. at 927. Here, both actions "have progressed at approximately the same pace" and this factor remains neutral. [Record Document 43, p.8].

5. **Extent Federal Law Provides the Rules of Decisions on the Merits**

The parties agree that there are no federal questions asserted in this matter and that the merits of this case will be determined solely by state law. Nevertheless, the presence of state law issues weighs against abstention only in "rare circumstances." Black Sea Inv., 204 F.3d at 651 (quoting Evanston Ins. Co., 844 F.2d at 1193). HGI has failed to demonstrate "rare circumstances" exist; therefore, this factor is "at most neutral." Id.

6. **Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Jurisdiction**

---

against Stratacare have not been asserted in any state court proceeding. See Record Document 23.

There is no indication that Stratacare's rights and interests would not be adequately protected in the state court proceeding.  The Fifth Circuit has made it clear, however, "that this factor 'can only be a neutral factor or one that weighs against, not for, abstention.'" Black Sea, 204 F.3d at 651 (quoting Evanston, 844 F.3d at 1193).  Consequently, this factor remains neutral.

## CONCLUSION

Upon careful evaluation, it appears that all of the Colorado River abstention factors either weigh against abstention or remain neutral.  Accordingly, in the absence of "exceptional circumstances" justifying abstention, and for the reasons outlined above,

**IT IS ORDERED** that HGI's Motion to Stay [Record Document 37] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 30th day of September, 2010.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE