UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAMMERMAN & GAINER, INC.                CIVIL ACTION NO. 09-1786

VERSUS                                  JUDGE ELIZABETH ERNY FOOTE

STRATACARE, INC.                        MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before this Court is a Motion to Dismiss [Record Document 21] filed on behalf of the Defendant Stratacare Inc. ("Stratacare"). Stratacare seeks a dismissal of Plaintiff Hammerman & Gainer, Inc.'s ("HGI's") complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on the lack of any defense or indemnity provision in the referenced contract. See id. HGI opposes this motion. See Record Documents 32, 36. For the reasons stated herein, Stratacare's motion to dismiss is **DENIED.**

## FACTUAL BACKGROUND

HGI, a third-party administrator of workers' compensation claims, entered into a contractual relationship with Stratacare whereby Stratacare agreed to review medical bills from workers' compensation claims and to recommend the proper reimbursement amount in accordance with Louisiana law and the Fee Schedule promulgated by the State of Louisiana, through the Department of Labor, Office of Workers' Compensation Administration, under the authority of Louisiana Revised Statute 23:1034.2 ("the Fee Schedule"). See Record Document 1-4, ¶¶ VI-VII. A number of claims have been brought in Louisiana state court alleging the medical bills reviewed by Stratacare and

paid by HGI were not paid in accordance with Louisiana law and the Fee Schedule. Id. at ¶ IX. On September 9, 2009, HGI filed a petition for declaratory judgment against Stratacare in the 16th Judicial District Court for the Parish of Sabine, State of Louisiana, seeking defense and indemnity for such claims as well as damages arising from Stratacare's alleged negligence, intentional misconduct, gross fault, and breach of contract. Id. at ¶¶ X-XIV. On October 14, 2009, Stratacare timely removed HGI's suit to this Court based on diversity jurisdiction. See Record Document 1. Thereafter, HGI filed a First Supplemental and Amending Complaint seeking damages, defense and indemnity arising out of a state court class action litigation ("the *Williams* litigation") in which HGI is named as a defendant.[1] See Record Document 13.

Stratacare now seeks dismissal of HGI's claims in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record Document 21]. Stratacare contends HGI's Petition for Declaratory Judgment and First Supplemental and Amending Complaint [Record Documents 1, 13] fail to state a claim upon which relief may be granted because (1) there is no express provision providing for defense and indemnity in the referenced contract, and (2) as a matter of law, no such obligation exists as to Stratacare. [Record Document 21]. In response, HGI argues dismissal is inappropriate because the relief sought is broader than contractual defense and

---

[1] Dr. George Raymond Williams filed a putative class action in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, against Mor-Tem Risk Management Services, Inc. ("Mor-Tem"), HGI, and Integra Management Group, Inc. ("Integra") alleging HGI and its affiliates violated the provisions of the Louisiana Preferred Provider Organization ("PPO") Act.

indemnity and because the claim for defense and indemnity is not based solely on the contractual provision disputed by Stratacare. [Record Document 32].

## Rule 12(b)(6) Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, , – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In determining whether a plaintiff has pled factual allegations to state a claim that is plausible, the Court may not evaluate the plaintiff's likelihood of success but must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009); see also, Twombly, 550 U.S. at 555, 127 S.Ct. at 1965 (factual allegations, which taken as true, must be enough to raise a right to relief above the speculative level, even if doubtful in fact).

Turning now to the claims asserted by HGI in this matter, the Court will examine the applicable law and determine whether HGI's factual allegations are sufficient to survive Stratacare's Rule 12(b)(6) motion to dismiss.

## LAW AND ANALYSIS

In February 2004, HGI and Stratacare signed a "Letter Agreement for Cost Containment Services" whereby Stratacare agreed to review medical bills and "make appropriate payment recommendations based on compliance with applicable fee schedules or usual and customary databases" and provide access to PPO networks that have negotiated contract rates with hospitals and providers. See Record Document 21, Exhibit 2. Stratacare contends there is no provision providing for defense and indemnity and, therefore, that as a matter of law, Stratacare has no duty to defend or indemnify HGI. Id. Specifically, Stratacare points to the following provisions in the parties' agreement:

> 6. The amount of the service fee set forth in this Agreement is offered to Client by Stratacare in consideration of the agreement that Stratacare's liability for any inaccurate or incomplete services or reports shall be limited to correcting or completing such reports, or applying reasonable efforts to prevent further delays. Stratacare shall have no liability for the reports or services that are inaccurate, incomplete due to inaccurate or incomplete information or data furnished to Stratacare by Client.
>
> 7. In any action between the parties arising out of or connected with this Agreement, the prevailing party or parties in such action shall be awarded, in addition to any damages, injunctive or other relief, their costs and expenses, including, but not limited to, court costs and reasonable attorneys' fees.

Id.

It is well-settled under Louisiana law, however, that indemnity "may arise in contract or in tort: by an express or implied contract to indemnity; or by equitable

concepts based on the tort theory of indemnity." Humble Oil & Refining Co. v. Naquin, 414 F.2d 912, 914 (5th Cir. 1969); Gen. Elec. Co. v. Cuban Am. Nickel Co., 396 F.2d 89, 90 (5th Cir. 1968); see also, Romero v. Witherspoon, 7 F.Supp.2d 808, 812 (W.D.La. 1998) ("Indemnity may arise contractually or under a tort, or quasi-contract, theory."). Indemnity arising under tortious or equitable concepts is based on the principle "that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act cased the loss." Richey v. Moore, 840 So.2d 1265, 1270 (La.App. 2 Cir. 2003) (citing Nassif v. Sunrise Homes, Inc., 739 So.2d 183 (La. 1999)); see also, Romero, supra, 7 F.Supp.2d at 812 ("the law will rectify the unjust enrichment which occurs when the more culpable tortfeasor escapes liability while the technically culpable yet liable tortfeasor pays").

In the present matter, HGI's complaint states a claim against Stratacare for breach of contract, negligence, gross fault, and intentional misconduct, and asserts a right to defense and indemnity on contractual and equitable grounds. See Record Documents 1, 13. Consequently, regardless of whether the specific contractual language cited above imposes a duty upon Stratacare to defend or indemnify, dismissal of HGI's entire petition is inappropriate.

Stratacare further contends "HGI has not presented any evidence to suggest that it has been held liable by any court for any alleged negligence or intentional acts on the

part of Stratacare." [Record Document 33]. However, this argument improperly addresses the merits of HGI's claims and may not be considered by the Court under a Rule 12(b)(6) motion to dismiss. See supra.

## CONCLUSION

Accordingly, having reviewed HGI's factual allegations and the applicable law, and finding that HGI's Petition for Declaratory Judgment and First Supplemental and Amending Complaint [Record Documents 1, 13] adequately state a claim to relief that is plausible on its face,

**IT IS ORDERED** that Stratacare's Motion to Dismiss [Record Document 21] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 2nd day of November, 2010.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE