MINUTES [3:10]
May ~~11~~, 2011
      10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HAMMERMAN & GAINER, INC. | CIVIL ACTION NO. 09-1786 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| STRATACARE, INC. | MAGISTRATE JUDGE HAYES |

The Court held Oral Argument on the Motion for Injunctive Relief [Record Document 106] filed by Third-Party Defendant BestComp, Inc. ("BestComp"). BestComp originally sought to enjoin the 27th Judicial District Court of the State of Louisiana in two state court proceedings: <u>George Raymond Williams, Orthopedic Surgery, A Professional Medical LLC v. Hammerman & Gainer, Inc., et al.</u>, No. 11-1387-B; and <u>George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical, LLC v. SIF Consultants of Louisiana, Inc.</u>, No. 09-C-5244-C. Since the filing of the Motion for Injunctive Relief, the second suit, 09-C-5244-C, has been removed to federal court and is pending as Docket number 11-cv-686 in the Western District of Louisiana. BestComp also seeks to enjoin the "parties" from filing "additional suits in federal or state court related to the claims currently pending in these consolidated cases."

Following argument by the parties, the Court orally **DENIED** BestComp's Motion for Injunctive Relief [Record Document 106] and gave detailed reasons on the record.

At the outset, the Court noted that there are three consolidated cases currently before the Court: docket numbers 09-cv-1786, 09-cv-1852, and 11-cv-26. BestComp is a third party defendant in 09-cv-1786 and 11-cv-26, but not a party in 09-cv-1852. Docket numbers 09-cv-1786 and 09-cv-1852 are suits for declaratory judgment filed by Hammerman & Gainer, Inc. ("Hammerman & Gainer"). Docket number 11-cv-26 is a putative class action against Hammerman & Gainer and other defendants.

First, the Court held that it does not have jurisdiction over the consolidated member case 11-cv-26. The Court found that, even if the Court had original jurisdiction over the class action in 11-cv-26, BestComp, as a third-party defendant to the class action, could not remove 11-cv-26 under 28 U.S.C. § 1453. Further, the Court found that, as the Plaintiff defined the class, the Court did not have original jurisdiction over the class action in 11-cv-26 pursuant to the "home state exception" of 28 U.S.C. § 1332(d)(4). Finding that the Court does not have jurisdiction over 11-cv-26, the Court orally **REMANDED** civil action 11-cv-26 to the 27th Judicial District Court in and for the Parish of St. Landry, State of Louisiana.

Next, the Court held that BestComp's requested injunction of the state court proceedings in <u>George Raymond Williams, Orthopedic Surgery, A Professional Medical LLC v. Hammerman & Gainer, Inc., et al.</u>, 27th Judicial District Court, No. 11-1387-B, is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Without jurisdiction over 11-cv-26, the Court found that BestComp's requested injunction of civil action No. 11-1387-B would not fall into an exception to 28 U.S.C. § 2283, and thus that an injunction of the state court proceedings is improper.

The Court also held that BestComp has not shown a basis for an injunction of <u>George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical, LLC v. SIF Consultants of Louisiana, Inc.</u>, 11-cv-686, currently before Judge Melancon, District Court for the Western District of Louisiana. Since the time BestComp requested injunctive relief, the case had been removed from state court to federal court. With the removal of the case to federal court, BestComp's requested relief is moot.

Further, the Court found that BestComp has not shown that it would be harmed absent the requested injunction of the ongoing proceedings. If the proposed settlement and class certification in civil action No. 11-1387-B is approved by the state court, there would be a shuffling of the parties-in-interest as to the claim derivatively asserted against BestComp, but the claims against and defenses to BestComp would remain unchanged. BestComp is not a party to the settlement.

Finally, the Court held that BestComp had not presented sufficient evidence of vexatious filings or other harassing actions by the other parties to this matter. An injunction of the other parties to prevent them from filing additional lawsuits related to the claims in this matter is inappropriate and therefore denied.

**IT IS SO ORDERED**.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE